DANIEL E. SCOTT
—CONCURRING OPINION AUTHOR
Must we conclusively presume prejudice from error in not instructing down, even if that seems logically inconsistent with reasoned consideration of the verdicts? What of Rule 28.02(f), which calls for the “prejudicial effect” of instructional error to “be judicially determined”?
These questions came to mind as I weighed footnote 4 of State v. Jackson,[1] which declined to reconcile an observed inconsistency shared by this case. To suspect prejudice from a failure to instruct on second-degree robbery “seems logically inconsistent” with the jury’s finding of armed criminal action. See 438 S.W.3d at 395 n. 2 & 4.
The Court need not reconcile these, however, because prejudice is presumed when a trial court fails to give a requested lesser included offense instruction that is supported by the evidence. State v. Redmond, 937 S.W.2d 205, 210 (Mo. banc 1996) (defendant “is entitled to a new trial before a properly instructed jury”).
Id. at n: 4. This begged the question of the presumption’s nature and effect. I understood the presumption and “reversible error” in this context as follows: “Failure to provide the required instruction ... is reversible error. Such errors are presumed to prejudice the defendant unless it is clearly established by the State that the error did not result in prejudice.” State v. Westfall, 75 S.W.3d 278, 284 (Mo. banc 2002) (quotation marks, citations, and brackets omitted).
So I was surprised to research back from Redmond and discover so many “instructing down” reversals that never addressed prejudice. Eventually I found this suggestion of a reason in State v. Sykes, 436 S.W.2d 32, 36 (Mo.1969):
*884 [I]t is error for the Court to fail to instruct upon a lower degree of any offense, if there is any evidence to warrant a submission of a lesser offense and that the error, is not cured simply because a jury found the defendant guilty of a higher degree of the offense. [My emphasis,]
I accept the last proposition (error is not cured simply ...), but that neither addresses nor excuses our Rule 28.02(f) obligation to determine prejudice. This case differs markedly from Sykes, Redmond, or any case that does not involve the logical inconsistency noted in Jackson and also found here.
Here, an ACA verdict corroborates this jury’s belief that Prine used a gun. This exceeds a Sykes -like claim that error is “cured simply because a jury found the defendant guilty of a higher degree of the offense.” The ACA finding collaterally establishes and substantiates first-degree robbery’s “differential element” (as Jackson uses that term).
Contrast Redmond, cited in Jackson’s footnote 4. That jury also found ACA, but the error was failure to instruct down from murder to sudden-passion manslaughter (937 S.W.2d at 206-07, 208), so ACA shed no light on the differential element (sudden passion). Here, ACA matches and corroborates the differential element — did Prine use a gun?
State v. Whitfield, 107 S.W.3d 253 (Mo. banc 2003), although different, also seems instructive. There, constitutional error forced the State to disprove prejudice beyond a reasonable doubt (a higher standard than here). Id. at 263. Our supreme court acknowledged the presumption that jurors follow the instructions, but found that presumption alone could not carry a no-reasonable-doubt burden.
A presumption is simply inadequate to meet this high standard, and no affirmative proof sufficient to meet this standard has been offered by the State, as the record is silent in regard to the jury’s findings.
Id. As to prejudice, therefore, this case differs from Whitfield in three key ways:
1. This is not a constitutional case (see Jackson, 433 S.W.3d at 395 & n. 5, 402), so less proof is needed to overcome the presumption of prejudice; i.e., not reasonably probable that the error affected the trial’s outcome. Id. at 395 n. 4.
2. Here, “affirmative proof sufficient to meet this standard has been offered by the State” in the form of the ACA verdict.
3. And “the record is [not] silent in regard to the jury’s findings.” The jury voiced its differential element finding in not just one, but two verdicts.
To examine this record, including Prine’s testimony, the theory of defense, and both jury verdicts, is to dispel all concern (other than a wholly theoretical one) that jurors who twice found that Prine was armed actually doubted that. I would consider any Jackson error harmless, without qualms, because I share Jackson’s “faith in the jury system” and goal of fewer retrials. 433 S.W.3d at 409.[2]
*885 To summarize my thoughts, Jackson did not analyze prejudice or reconcile the logical inconsistency noted there and also found here. I do not read that case or others to conclusively presume prejudice from error in instructing down. As with other instructional error, the presumption can be overcome, and is overcome here.
Although error , is not “cured simply because a jury found the defendant guilty of a higher degree of the offense” (Sykes, 436 S.W.2d at 36), an additional ACA finding here substantiates the differential element precisely, strongly indicating that these jurors were not misled by a failure to instruct down. This, and careful review of the record, convinces me that we cannot find prejudice if we presume, as we must, that the jury obeyed its instructions. “Juries are presumed to follow the instructions, and there is no indication in this case that the jurors did not.” State v. McFadden, 391 S.W.3d 408, 421 (Mo. banc 2013).
For these reasons and those stated in the principal opinion, which I also join, I would reject Prine’s points on appeal and affirm his convictions. I concur.

. 433 S.W.3d 390 (Mo. banc 2014), discussed in Point I of the principal opinion.

. Although Jackson eschewed "reasonable” jurors as a basis to assess error, 433 S.W.3d at 400, "reasonableness” and "reasonable jurors” surely remain relevant in determining prejudice.
This jury,' which we presume to have followed the law and instructions, dutifully sat for two days, heard the evidence, and unanimously agreed twice that Prine was armed— two verdict directors, two verdict forms, beyond a reasonable doubt. When polled, each juror confirmed that these were his or her true verdicts.
*885 The record unquestionably supports these verdicts, so to flatly reverse them per Jackson without express consideration of prejudice invites these jurors and the public to ask whether our court:
• disbelieves what these jurors said in two verdicts and when they were individually polled thereafter; or
• thinks this was the "unreasonable” jury hypothesized in Jackson, 433 S.W.3d at 403, sending Prine to prison for a crime that jurors genuinely believed he did not commit; or
• thinks this jury acted and judged fairly, but reverses anyway because a hypothetical "unreasonable” jury might have done differently. Id.
No one wants jurors who've done nothing wrong to wonder these things. Yet this may be an unintended and unfortunate consequence of Jackson 's emphasis on protecting defendants and our justice system from theoretical misbehavior by "unreasonable” juries. 433 S.W.3d at 402-03.
More importantly, error and prejudice are different issues. We do not reverse for one unless we also find the other. Review of this record convinces me that there was no prejudice, even if error occurred.